UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:19-cr-10016-DPW |
| | ) | |
| JOQUENTZ CONSTANT | ) | |

DEFENDANT'S MOTION IN LIMINE RE SHOTSPOTTER
AND A RECORDING OF SHOTS FIRED

Defendant Joquentz Constant, by his counsel, respectfully moves in limine to require the government to circumscribe its testimony relating to the ShotSpotter.

In its Trial Brief of The United States, dkt. no. 46, the government described the pertinence of ShotSpotter to the trial of the case:

> On August 25, 2018, just before approximately 3:41 a.m., the Boston Police Department's acoustic gunshot detection system known as "ShotSpotter" indicated that two gunshots were fired at or near 327 Seaver Street in Dorchester.
>
> Soon thereafter, Boston Police Officers Antoine Ramos, Santino D'Addieco, Dennis Layden, and Melissa Lombardo responded in a police cruiser to the area of Columbia Road and Seaver Street as a result of the ShotSpotter activation.

Thus, the sole significance of ShotSpotter is that it brought police to a nearby corner, the intersection of Columbia Road and Seaver Street. The sensor otherwise has no bearing on the case; it neither links defendant to the Seaver Street address, nor to the shooting activity. It does not offer justification for the stop of defendant.

Nonetheless, the government proposes to offer extensive testimony about "the acoustic gunshot detection system known as "ShotSpotter," including the purpose of the ShotSpotter system, how it functions, and how the information is relayed to Boston Police headquarters, viewed and assessed, and then relayed to law enforcement in the field."

> … ShotSpotter is an acoustic gunshot detection system that consists of, in part, an array of sensors deployed throughout Boston. The system is designed to provide early notice of

> potential gunfire incidents, improve officer safety, and aid in the collection of evidence. Sensors are typically deployed at rooftop level for greatest range and are concentrated in areas of Boston most impacted by gun violence. ShotSpotter requires at least three sensors to recognize a potential gunshot. Audio recordings of the potential gunfire, along with additional data, is relayed to a computer system at Boston Police headquarters. ShotSpotter software is designed to distinguish the sound of gunshots from the sound of other loud events such as fireworks and thunder, for example. Data from ShotSpotter sensors enables the system to determine an approximate location of the potential gunfire through triangulation. Law enforcement can view this information and listen to the audio recordings of possible gunfire at a ShotSpotter terminal in Boston Police headquarters. Typically a dispatcher assesses the information and disseminates it to officers in the field.

A jury, informed that ShotSpotter approximates the location of gunfire in an effort to locate the shooter(s) and that it "aids officer safety" in areas "most impacted by gun violence," is left to speculate whether defendant was himself a shooter, an inference that is nowhere supported in the evidence. Moreover, the government wishes to play the ShotSpotter recording itself as well as admit "related" documents:

> The United States further anticipates introducing brief testimony from a Boston Police officer familiar with the ShotSpotter system and the records that the system generates in order to admit the recordings of the gunshots and the related ShotSpotter records regarding the location of the gunshots that led officers to the scene of the arrest.

Trial Brief of The United States, dkt. no. 46 at 3.

Under Federal Rule of Evidence 401, the testimony is irrelevant, and under Rule 403, any probative value of the ShotSpotter system and of the recording (defendant submits there is none) is substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury. Detailed testimony about ShotSpotter suggests that, somehow, the system's alert bears on defendant's guilt. The point is reinforced if a recording of shots fired is played.

Defendant asks this Court to circumscribe reference to the ShotSpotter system, limiting its mention to a report of nearby gunshots, and to exclude the recording of the shots.

                                                          Respectfully submitted,
                                                          JOQUENTZ CONSTANT
                                                          By his Attorney,

                                                          /s/ Charles P. McGinty
                                                          Charles P. McGinty
                                                          B.B.O. #333480
                                                          Federal Defender Office
                                                          51 Sleeper Street, 5th Floor
                                                          Boston, MA   02210
                                                          Tel: 617-223-8061

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 5, 2019.

                                                          */s/ Charles P. McGinty*
                                                          Charles P. McGinty